**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 16, 2005
THOMAS K. KAHN
CLERK

_____

**No. 05-10615**
**Non-Argument Calendar**

_____

BIA No. A77-340-550

JIN QIN LIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

**Petition for Review of an Order of the**
**Board of Immigration Appeals**

_____

**(November 16, 2005)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Jin Qin Lin, a native and citizen of China, petitions for review of the denial of her application for asylum and withholding of removal by the Board of Immigration Appeals.  Lin contends that the Immigration Judge and BIA erred because she demonstrated past persecution and a well-founded fear of persecution by presenting evidence of her refusal to undergo sterilization.  She also argues that she is entitled to relief under the United Nations Convention Against Torture.  We deny in part and dismiss in part.

## I. BACKGROUND

In August 2000, Lin's sister, who had already had two children, was pregnant with a third child in violation of the family planning policy in China.  Family planning officers came to the home of Lin's parents to arrest and sterilize Lin's sister, but Lin helped her sister escape through a back door while family planning officers searched other parts of the home.  The family planning officers threatened to arrest and sterilize Lin the next time they came if they could not find her sister.  Two weeks later, the family planning officers returned to the home and attempted to arrest Lin because she looked like her sister.  Lin escaped to her aunt's home and then to her uncle's home.  Family planning officials looked for her at both locations, but did not enter the homes to search for her.  In January 2001, Lin escaped to the United States.

At the removal hearing, Lin conceded removability, but argued that she was eligible for asylum and withholding of removal. The IJ did not make an adverse credibility finding because the IJ found "the facts could have happened." The IJ, however, deemed Lin to be "somewhat implausible" because Lin's sister and her brother-in-law have not been found or sterilized. The IJ also emphasized that the lack of formal accusations or other documents supporting Lin's allegations diminished Lin's credibility. Thus, the IJ denied Lin's application for asylum and withholding of removal because Lin had not met her burden to establish eligibility. Lin appealed the IJ's ruling to the BIA, but the BIA affirmed the IJ without opinion.

## II. STANDARD OF REVIEW

Because the BIA adopted the IJ's decision without opinion, we review the IJ's analysis as if it were the analysis of the BIA. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review de novo the legal determinations of the IJ and BIA. Id. We review findings of fact by the IJ and BIA for substantial evidence because "[a]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001).

3

## III. DISCUSSION

Lin argues that she is eligible for asylum and withholding of removal under the coercive population control provisions of the Immigration and Naturalization Act. She also argues that she is entitled to relief under the United Nations Convention Against Torture. We discuss each argument in turn.

*A. Lin Is Not Eligible for Asylum*

The IJ and BIA concluded that Lin failed to establish eligibility for asylum. An applicant has the burden to prove eligibility for asylum. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005). To apply for asylum, an alien must be a "refugee." 8 U.S.C. § 1158(b)(1). A "refugee" is any person who is unable to return to his home country "because of [past] persecution or a well-founded fear of [future] persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 208.13(b). To be eligible for asylum, Lin had the burden to establish either past persecution or a well-founded fear of future persecution, and on each issue, Lin's application failed.

### 1. Lin Has Not Suffered Past Persecution.

Line had to establish past persecution in one of three ways. Under the coercive population provision of the INA, an applicant may establish "past

4

persecution" on account of political opinion if the applicant (1) has been forced to undergo sterilization, (2) has been persecuted for failure or refusal to undergo forced sterilization, or (3) has been persecuted for "other resistance" to a coercive population control program. 8 U.S.C. § 1101(a)(42)(B); see Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1202–05 (11th Cir. 2005). "Persecution" is an "extreme concept" that requires more than a "few isolated incidents of verbal harassment or intimidation." Sepulveda, 401 F.3d at 1231 (internal citations omitted).

The record does not compel the conclusion that Lin established past persecution. Lin was not forcibly sterilized. She also was not "persecuted for failure or refusal to undergo" forced sterilization because the actions of the family planning officers do not rise to the level of "persecution." Lin's allegations that officers threatened to sterilize her forcibly, if true, amount to no more than isolated instances of "verbal harassment." Sepulveda, 401 F.3d at 1231. Lin was never subject to a pattern of arrests, fines, or beatings. See Yang, 418 F.3d at 1203 (stating that a single fine does not constitute "persecution"); Sepulveda, 401 F.3d at 1231 (concluding that death threats over the telephone and a restaurant bombing do not compel reversal of the IJ's findings that no persecution occurred). Lin also was not persecuted for "other resistance" to a coercive program of population control. Cf. Yang, 418 F.3d at 1205 (stating that the removal of an intrauterine device against family planning policy may constitute "other resistance" because it

5

is "punishable as a crime in China"). Thus, substantial evidence supports the finding of the IJ that Lin failed to establish past persecution.

## 2. Lin Has Not Demonstrated a Well-Founded Fear of Persecution.

Lin has also failed to establish a well-founded fear of future persecution. A well-founded fear of future persecution requires a showing of a reasonable possibility of personal persecution that cannot be avoided by relocating within the subject country. 8 C.F.R. § 208.13(b)(2). The fear of persecution must be both "subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. To determine whether the applicant's fear is subjectively genuine and objectively reasonable, "this [C]ourt may not substitute its judgment for that of the [IJ and the] BIA with respect to credibility findings." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004). The IJ's findings of facts and credibility are conclusive unless the record "compels" reversal. 8 U.S.C. § 1252 (b)(4)(B); Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

The IJ did not make an adverse credibility finding, but concluded that Lin's testimony about threats of future involuntary sterilization were implausible because no officials had threatened her family or taken affirmative steps to pursue Lin since she left China. Family planning officers have also not found, arrested, or sterilized Lin's sister and brother-in-law. No arrest warrant or other documentation supports

6

Lin's contention that she is likely to be subject to involuntary sterilization. Lin's arguments, while "subjectively genuine," are not "objectively reasonable" because she failed to provide "specific, detailed facts showing a good reason to fear that [] she will be singled out for persecution." Sepulveda, 401 F.3d at 1231; see Al Najjar, 257 F.3d at 1289 (stating that the "subjectively genuine" prong assesses the credibility of the applicant, but the "objectively reasonable" prong assesses the probability of future persecution). Because substantial evidence supports the conclusion of the IJ and BIA and the record does not compel reversal, we deny Lin's petition for asylum.

### B. Lin Has Not Established Withholding of Removal

We also deny Lin's petition for withholding of removal. An alien is entitled to withholding of removal if "his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). The standard to establish withholding of removal is "more stringent than the 'well-founded fear' standard for asylum." D-Muhumed, 388 F.3d at 819. Because Lin has failed to meet the standard for asylum, her petition for withholding of removal also fails. See id.

*C. This Court Lacks Jurisdiction to Review Arguments Under the Convention Against Torture*

We lack jurisdiction to review Lin's argument under the Convention Against Torture because she failed to raise this argument before the BIA. Fernandez-Bernal v. U.S. Att'y Gen., 257 F.3d 1304, 1317 n.13 (11th Cir. 2001). Lin has not "exhausted all administrative remedies available." 8 U.S.C. § 1252(d)(2). We dismiss Lin's argument that she is entitled to relief under the Convention Against Torture.

## IV. CONCLUSION

We deny Lin's application for asylum and withholding or removal because the threats of forcible sterilization by the family planning officers did not rise to the level of "persecution," Lin has failed to establish an objectively reasonable fear of future persecution, and Lin has failed to meet her burden for withholding of removal. Because we lack jurisdiction to review Lin's arguments under the United Nations Convention Against, we dismiss that aspect of her petition.

**PETITION DENIED IN PART AND DISMISSED IN PART.**