[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14191

Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 10, 2009
THOMAS K. KAHN
CLERK

Agency No. A98-895-564

JIAN FENG CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 10, 2009)

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Jian Feng Chen, a native and citizen of China, seeks review of the Board of

Immigration Appeals' ("BIA") decision to affirm the Immigration Judge's ("IJ")

denial of his application for asylum and withholding of removal under the

Immigration and Nationality Act ("INA"), and relief under Article 3 of the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16. On appeal, Chen argues that the BIA: (1) erred in determining that he had not suffered past persecution; (2) applied the erroneous legal framework to his claim of a well-founded fear of future persecution; (3) failed to consider evidence he had submitted; and (4) considered evidence not in the record. After thorough review, we deny the petition.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). To the extent that the BIA adopts the IJ's reasoning, we review the IJ's decision as well. Id. Here, because the BIA affirmed the IJ's decision but did so on alternative grounds that the IJ did not address, we review the decision of the BIA only. Id.

When evaluating a petition to review a decision by the BIA to deny an application for asylum and withholding of removal, we review findings of fact under the "substantial evidence test," and must affirm the decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (quotations omitted). Under the substantial evidence test, "we consider only

2

whether there is substantial evidence for the findings made by the BIA, not whether there is substantial evidence for some other finding that could have been, but was not, made." Adefemi v. Ashcroft, 386 F.3d 1022, 1029 (11th Cir. 2004) (quotations omitted). We review the record evidence in the light most favorable to the agency's decision and may not overturn findings of fact unless the record compels it. Forgue, 401 F.3d at 1286-87. The BIA is "entitled to rely heavily" upon the State Department country reports. Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1175 (11th Cir. 2008) (quotations omitted).

An alien who arrives in or is present in the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). The Attorney General or the Secretary of Department of Homeland Security has discretion to grant asylum if the alien meets the INA's definition of a "refugee." 8 U.S.C. § 1158(b)(1). A "refugee" is

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. Al Najjar, 257 F.3d at 1284. To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past

3

persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287.

We have held that "persecution," as used to illustrate that an alien has suffered "past persecution," is an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (quotations and alterations omitted). If the alien establishes past persecution, it is presumed that his life or freedom would be threatened upon return to the country of removal unless the government shows by a preponderance of the evidence that the country's conditions have changed such that the applicant's life or freedom would no longer be threatened or that the alien could relocate within the country and it would be reasonable to expect him to do so. 8 C.F.R. §§ 208.13(b)(1), 208.16(b)(1).

An alien who has not shown past persecution may still be entitled to asylum if he can demonstrate a future threat to his life or freedom on a protected ground. 8 C.F.R. §§ 208.13(b)(2), 208.16(b)(2). To establish a "well-founded fear," an applicant must show that she has a fear of persecution in her home country and that "[t]here is a reasonable possibility of suffering such persecution if he or she were to return to that country." 8 C.F.R. § 208.13(b)(2)(i). Furthermore, an applicant

4

must establish "that there is 'a reasonable possibility he or she would be singled out individually for persecution,' or that he is a member of, or is identified with, a group that is subjected to a pattern or practice of persecution." Djonda, 514 F.3d at 1174 (quoting 8 C.F.R. § 208.13(b)(2)(iii)). When a petitioner fails to "establish a claim of asylum on the merits, he necessarily fails to establish eligibility for withholding of removal or protection under CAT." Forgue, 401 F.3d at 1288 n.4.

For petitioners basing their asylum claims on the application of a coercive family planning policy, the following applies:

> a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

8 U.S.C. § 1101(a)(42)(B). Interpreting this provision, we have held that "[i]n addition to meeting the nexus requirement based on 'resistance' to the family planning law, an applicant claiming persecution based on an unmarried partner's abortion must demonstrate that he has suffered harm amounting to persecution on account of that resistance." Yang v. U.S. Att'y Gen., 494 F.3d 1311, 1318 (11th Cir. 2007) (quotations omitted), cert. denied, 128 S.Ct. 2466 (2008).

5

First, we find no merit to Chen's claim that the BIA's finding that he did not suffer past persecution was not supported by substantial evidence. Our review of the record shows that Chen did not say whether he was injured during his physical altercation with family planning officials; there is nothing in the record to determine whether the 5,000 yuan fine was overly oppressive, as the record does not indicate Chen's salary or net worth at the time; and Chen's detainment at the hospital did not appear to be for a significant duration of time. Nor do the threats compel a finding of past persecution because threats standing alone do not generally amount to persecution. See Sepulveda, 401 F.3d at 1231 (holding that threats do not rise to the level of past persecution compelling the reversal of the IJ's decision); see also Lin v. U.S. Att'y Gen., 154 F. App'x 809, 811 (11th Cir. 2005) (unpublished).[1] In addition, the cumulative effect of the mistreatment did not rise to the level of persecution. See De Santamaria v. U.S. Att'y Gen., 525 F.3d 999, 1008 (11th Cir. 2008) (describing cases that compelled the finding of past persecution where the facts included severe beatings and prolonged detention);

[1] Notably, the legislative history surrounding the enactment of the statutory provision establishing asylum claims based on the application of a coercive family planning policy provides that this kind of persecution is to be analyzed like any other type of persecution. See H.R. Rep. No. 104-469(I), at 174 (1996) ("Determining the credibility of the applicant and whether the actual or threatened harm rises to the level of persecution is a difficult and complex task, but no more so in the case of claims based on coercive family planning than in cases based on other factual situations. Asylum officers and immigration judges are capable of making such judgments.").

Yang, 494 F.3d at 1319. Based on this record, we are not compelled to hold that Chen suffered past persecution. Forgue, 401 F.3d at 1286-87.[2]

Next, we are unpersuaded that the BIA erred by requiring Chen to show a "pattern or practice" of persecution to establish his future persecution claim. The BIA said that "the evidence does not show a pattern and practice of forced sterilizations or abortions for Chinese nationals returning from abroad, nor does the evidence establish a reasonable possibility that the respondent would be forced to under go such procedures if returned to China." (Emphasis added). An examination of the BIA's decision thus shows that it did not require Chen to show both a "pattern or practice" and that he was specifically targeted for persecution. Rather, the BIA applied the correct legal framework for determining if a well-founded fear of future persecution existed. See Djonda, 514 F.3d at 1174.[3]

We also are unpersuaded that the BIA failed to consider an expert affidavit Chen submitted. When the BIA "has given reasoned consideration to the petition,

---

[2] Nor are we convinced that the BIA failed to consider whether Chen established "other resistance" to China's coercive population control policy. For starters, because Chen failed to show that he was persecuted on account of his other resistance, the establishment of other resistance is not a basis for a grant of asylum. Yang, 494 F.3d at 1318. Moreover, the BIA explained in its decision that it was determining whether Chen "suffered past persecution due to his resistance to the Chinese family planning laws." It is thus clear that the BIA considered whether he suffered past persecution on account of his other resistance to China's coercive population control policy.

[3] Moreover, Chen waived any challenge to the BIA's determination that the evidence was insufficient to establish a well-founded fear of future persecution. Sepulveda, 401 F.3d at 1228 n.2 ("When an appellant fails to offer argument on an issue, that issue is abandoned.").

7

and made adequate findings, we will not require that it address specifically each claim the petitioner made or each piece of evidence the petitioner presented." Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1374 (11th Cir. 2008) (quotations omitted). In Tan, we held that the IJ did not give reasoned consideration to the petitioner's application because: (1) "the Immigration Judge misstated the contents of the record"; (2) the IJ failed to explain why an attack on the petitioner was not based on the petitioner's race; and (3) the IJ's "reasoning was unresponsive to any argument reflected in the record." Id. at 1375-76. Here, however, the BIA said that it considered the "expert affidavit" submitted by Chen. So even though the BIA did not give a detailed discussion of the affidavit, it did not fail to consider the affidavit or give reasoned consideration to the affidavit. Id. at 1374.

Finally, we reject Chen's claim that the BIA violated his right to due process by impermissibly incorporating the 2007 U.S. State Department's Country Report into the record without notice by citing to its prior decisions. Although the BIA did cite to its previous decisions, it also considered the evidence in the record, did not cite to the 2007 U.S. State Department's Country Report, and did not rely on its own decisions as evidence. In addition, it is clear that the BIA cited to its prior decisions in order to demonstrate that it had previously considered similar documentary evidence and reached the same conclusion that it reached in Chen's

application.  The BIA therefore did not err by incorporating the 2007 U.S. State Department's Country Report into its decision.

Accordingly, we deny Chen's petition for review.[4]

**DENIED.**

---

[4] Since Chen failed to establish a claim of asylum on the merits, he also failed to establish eligibility for withholding of removal or protection under CAT. <u>Forgue</u>, 401 F.3d at 1288 n.4.